WILLIAM O. RUSS, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 440, 2008.
Supreme Court of Delaware.
Submitted: December 18, 2008.
Decided: March 10, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 10th day of March 2009, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the appellant's motion for leave to object to the motion to affirm, it appears to the Court that:
(1) The appellant, William O. Russ, filed an appeal from the Superior Court's denial of his motion to correct an illegal sentence pursuant to Superior Court Criminal Rule 35(a). The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm. Moreover, we deny the appellant's motion for leave to object to the motion to affirm.[2]
(2) On April 21, 2008, Russ pled guilty to two charges of Robbery in the First Degree, a class B felony.[3] Russ was immediately sentenced for each robbery conviction to twenty-five years at Level V,[4] suspended after three years, the minimum mandatory period of incarceration required by statute.[5]
(3) On July 24, 2008, Russ filed a pro se motion for correction of an illegal sentence. By order dated August 6, 2008, the Superior Court summarily denied the motion. This appeal followed.
(4) Russ raises two claims on appeal. First, he claims that he was entitled to a presentence investigation. Second, he claims that his guilty plea was involuntary because he thought he was pleading guilty only to one count of first degree robbery, not two.
(5) It is manifest on the face of Russ' opening brief that his appeal is without merit. First, Russ' claims are not supported by the existing record.[6] The plea agreement and truth-in-sentencing guilty plea form reflect that the parties requested immediate sentencing[7] and that Russ was pleading guilty to two counts of first degree robbery.[8] Second, on its face the sentence imposed upon Russ is not illegal because it does not exceed the statutorily-imposed limits, does not violate double jeopardy and is neither ambiguous nor contradictory.[9]
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] Id.
[3] See Del. Code Ann. tit 11, § 832(a) (2007) (providing that robbery in the first degree is a class B felony).
[4] See Del. Code Ann. tit. 11, § 4205(b)(2) (providing that the term of incarceration for a class B felony is up to 25 years at Level V).
[5] See Del. Code Ann. tit. 11, § 832(b)(1) (providing that any person convicted of robbery in the first degree shall receive a minimum sentence of three years at Level V).
[6] The record does not include a transcript of the April 21, 2008 guilty plea hearing.
[7] Furthermore, a defendant has no general entitlement to a presentence investigation. See Del. Code Ann. tit. 11, § 4331(a) (Supp. 2008) (providing in relevant part that upon conviction of any person and before sentencing, the court may, before imposing sentence, direct a presentence investigation).
[8] See Somerville v. State, 703 A.2d 629, 632 (Del. 1997) (providing that a defendant is bound by his/her answers on the truth-in-sentencing guilty plea form).
[9] See Brittingham v. State, 705 A.2d 577, 578 (Del. 1998) (providing when relief is available under Rule 35(a)).